Filed 6/28/16  P. v. McKneialy CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B266844 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA088332) |
| v. | |
| STEVEN MCKNEIALY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Steven McKneialy in 2008 of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)).[1] Defendant admitted that he had suffered two prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and was sentenced to 25 years to life. He subsequently petitioned for recall of sentence pursuant to section 1170.126. The trial court denied the petition on the ground that defendant was "armed with a firearm" during commission of the offense and therefore ineligible for resentencing under section 1170.126. Defendant appeals from the order denying his petition. We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant, a Crips gang member, became involved in an altercation with a group of rival Athens Park Blood gang members on December 25, 2007, when he arrived with his girlfriend at her relatives' home in an area claimed by the Athens Park Bloods. The altercation became physical, and rival gang members began beating and kicking defendant. Defendant staggered back to his nearby car where he began rummaging around. He came out with a gun and fired five or six shots at the group and then drove away. One man was killed.

Defendant was arrested a short time later following a traffic stop. The arresting officers recovered a gun from the floorboard of defendant's car. Subsequent testing determined that a bullet recovered at the scene of the shooting and a bullet in the victim's head were fired from the gun in defendant's car.

---

[1]    Former section 12021, subdivision (a)(1) was repealed and renumbered without substantive change, effective January 1, 2012, as section 29800, subdivision (a)(1). (Stats. 2010, ch. 711, § 6.) All further statutory references are to the Penal Code.

[2]    Much of the facts are set forth in our previous opinion affirming the denial of a prior motion by defendant, pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, to vacate his prior strike convictions. (*People v. McKneialy* (Feb. 4, 2010, B212141) [nonpub. opn.].) We restate the relevant facts as necessary.

Defendant was charged with murder and with possession of firearm by a felon. He was acquitted of the murder charge, which was dismissed after the jury was unable to reach a verdict as to a lesser offense, but was convicted of the firearm charge. After admitting that he had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), defendant was sentenced to 25 years to life.

In March 2013, defendant filed a petition for recall of sentence pursuant to section 1170.126. Following an August 27, 2015 hearing on the petition, the trial court found that defendant was "armed with a firearm" during commission of the current offense and therefore statutorily ineligible for resentencing pursuant to section 1170.126. This appeal followed.

## DISCUSSION

### I.  Overview of section 1170.126

In November 2012, voters in California approved Proposition 36, which enacted section 1170.126. That statute established a procedure under which a defendant serving an indeterminate life sentence as a third strike offender for a non-serious or non-violent felony that was a strike under the pre-Proposition 36 version of the Three Strikes law could file a petition for recall of sentence and request resentencing as a second strike offender for that offense. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597.)

A petitioning inmate is eligible for resentencing if all three of the following criteria set forth in section 1170.126, subdivision (e) are satisfied:  "'(1) the [inmate] is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667[, subdivision (e)(2)(C) ] and 1170.12[, subdivision (c)(2)(C)]; and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667[, subdivision (e)(2)(C)] or section clause (iv) of section 1170.12[, subdivision (c)(2)(C)].'  [Citation.]"  (*People v. White* (2014) 223 Cal.App.4th 512, 522, italics omitted; § 1170.126, subd. (e).)  Sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C) impose sentence enhancements on offenders who have two or more

prior convictions for violent or serious felonies and whose current or prior offense falls within certain categories. Among the enumerated categories is whether "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

At issue in this appeal is defendant's eligibility for resentencing under the second criterion set forth in section 1170.126, subdivision (e). The specific issue presented is whether defendant is ineligible for resentencing because "[d]uring the commission of the current offense," he "was armed with a firearm or deadly weapon" within the meaning of sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii).

## II. Standard of review and applicable legal principles

Defendant contends the trial court erred by construing sections 1170.126, subdivision (e)(2), 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii) to exclude him from eligibility for resentencing based solely on his access to the firearm that was in his possession. Defendant's statutory construction claim presents a question of law to which we apply the de novo standard of review. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

Section 1170.126 was enacted by the electorate when it approved Proposition 36. (*Teal, supra*, 60 Cal.4th at pp. 596-597.) "[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.]" (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*).) When we interpret a statute, "our goal is ""to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.""" [Citation.]" (*People v. Albillar* (2010) 51 Cal.4th 47, 54-55.) Because section 1170.126 was enacted by the electorate, it is the voters' intent that controls. (See *Park*, at p. 796.) ""We first examine the words of the statute, "giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent."" [Citation.]" (*Albillar*, at p. 55.) If the language of the statute is ambiguous, we examine other indicators of the voters' intent, particularly

4

the analysis and arguments contained in the official ballot pamphlet. (*People v. Briceno* (2004) 34 Cal.4th 451, 459.) However, "'"[i]f the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the [electorate's] intent is unnecessary."' [Citation.]" (*Albillar*, at p. 55.) "Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.]" (*Park*, at p. 796.)

### III.  Whether defendant was "armed with a firearm"

An inmate is ineligible for resentencing under section 1170.126 if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person" within the meaning of sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). (§ 1170.126, subd. (e)(2); *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).)

The phrase "'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. (E.g., § 1203.06, subd. (b)(3); Health & Saf. Code, § 11370.1, subd. (a); *People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) [construing § 12022].) 'The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted' [citation], 'and to have enacted or amended a statute in light thereof.' [Citation.] 'This principle applies to legislation enacted by initiative. [Citation.]' [Citation.]" (*Osuna, supra*, 225 Cal.App.4th at p. 1029.)

When "'the language of a statute uses terms that have been judicially construed, "'the presumption is almost irresistible'" that the terms have been used "'in the precise technical sense which had been placed upon them by the courts.'" [Citations.] This principle [likewise] applies to legislation adopted through the initiative process. [Citation.]' [Citation.]" (*Osuna, supra*, 225 Cal.App.4th at p. 1029.) Courts have accordingly concluded that California voters intended "armed with a firearm," as that phrase is used in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), and incorporated by reference in section 1170.126, subdivision (e)(2), "to

mean having a firearm available for offensive or defensive use." (*Osuna*, at p. 1029; *People v. White, supra*, 223 Cal.App.4th at p. 524.)

Defendant acknowledges the applicability of the foregoing principles but argues that the terms "armed with a firearm" and "during commission of the current offense" as used in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) must be construed together to require that the arming be "tethered" to the underlying felony such that a "facilitative nexus" exists between the availability of the weapon and commission of the underlying felony. According to defendant, "armed with a firearm" must mean that the offender knowingly and intentionally had a weapon available for use offensively or defensively to aid the commission of the underlying felony. As support for this argument, defendant cites *Bland*. *Bland* concerned a sentence enhancement under section 12022 for persons "armed with a firearm in the commission of a felony or attempted felony." The court in *Bland* concluded that for a defendant to be subject to additional punishment for being armed with a firearm "in the commission" of a felony offense, section 12022 "implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland, supra*, 10 Cal.4th at p. 1002.)

The "facilitative nexus" standard articulated in *Bland* for sentencing enhancements under section 12022 does not apply, however, when determining an inmates' eligibility for resentencing under section 1170.126. Numerous appellate courts have concluded that no "facilitative nexus" is required between an underlying conviction for firearm possession and a finding that the inmate was also "armed with a firearm" during commission of that offense when determining eligibility for resentencing under section 1170.126. (See, e.g., *Osuna, supra,* 225 Cal.App.4th 1020; *People v. White, supra*, 223 Cal.App.4th 512; *People v. Blakely* (2014) 225 Cal.App.4th 1042; *People v. Brimmer* (2014) 230 Cal.App.4th 782; *People v. Hicks* (2014) 231 Cal.App.4th 275.) Defendant concedes that the weight of authority is against him but argues that no court has offered a reasoned explanation for rejecting the "facilitative nexus" standard in this context. The

court in *Osuna* presented a cogent analysis as to why that standard is inapplicable to resentencing determinations under section 1170.126, subdivision (e)(2).

The court in *Osuna* addressed the same issue as the one defendant raises here. Like defendant, the inmate in *Osuna* was sentenced to 25 years to life as a third strike offender following his conviction of being a felon in possession of a firearm. (*Osuna, supra*, 225 Cal.App.4th at p. 1027.) He petitioned for recall of sentence pursuant to section 1170.126, and the trial court denied the petition after finding that he had been "armed with a firearm" during commission of the offense and therefore ineligible for resentencing. (*Id.* at p. 1028.) The appellate court affirmed the denial of the petition. In so doing, the court rejected the inmate's arguments that for disqualification from resentencing for being "armed with a firearm" "[d]uring commission of the current offense" under sections 1170.126, subdivision (e)(2), 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii), there must be an underlying felony to which the "arming" is "tethered," or to which it has some "facilitative nexus," and that one cannot be armed with a firearm during the commission of possession of the same firearm. (*Osuna, supra*, at p. 1030.)

The court in *Osuna* distinguished between imposition of a sentence *enhancement* under section 12022 for anyone "armed with a firearm in the commission of" a felony and disqualification for sentencing *relief* under section 1170.126 if armed "during commission" of the commitment felony. Under section 12022, in order for a defendant to be "armed" for purposes of additional penalties, he must have a firearm "available for use to further the commission of the underlying felony." (*Bland, supra*, 10 Cal.4th at p. 999.) The court in *Osuna* observed that "[h]aving a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon. Thus, a defendant convicted of violating section 12021 does not, regardless of the facts of the offense, risk imposition of additional punishment under section 12022, because there is no 'facilitative nexus' between the arming and the possession." The court then noted: "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed . . . [section 1170.126] disqualifies an inmate from

7

eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' of the current offense . . . .  'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  (Webster's 3d New Internat. Dict. (1986) p. 703.)  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same. [Citation.]"  (*Osuna, supra*, 225 Cal.App.4th at p. 1032.)  The court in *Osuna* stated: "Since [section 1170.126] uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense [citation], and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the [statute] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid.*)

The court in *Osuna* found support for its interpretation of section 1170.126 in the voter's intent.  The court noted that in enacting section 1170.126 as part of Proposition 36, "voters rendered ineligible for resentencing not only narrowly drawn categories of third strike offenders who committed particular, specified offenses or types of offenses, but also broadly inclusive categories of offenders who, during commission of their crimes -- and regardless of those crimes' basic statutory elements -- used a firearm, were armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person" (*Osuna, supra*, 225 Cal.App.4th at p. 1036), and that the voters' intent to do so is reflected in the ballot materials related to Proposition 36.  These materials included statements that the initiative "'[c]ontinues to impose life sentence penalty if the third strike conviction was for certain nonserious, non-violent sex or drug offenses *or involved firearm possession.*'  [Citation.]"  (*Ibid.*)  The court further noted that "[i]n summarizing how the initiative measure would shorten sentences for some third strikers, the Legislative Analyst explained there would be some exceptions to the shorter sentence: 'Specifically, the measure requires that if the offender has committed certain new or prior offenses, including some drug-, sex-, *and gun-related felonies*, he or she would still be subject to a life sentence under the three strikes law.'  [Citation.]"  (*Ibid.*)  The court in

8

*Osuna* conducted an extensive review of ballot materials that distinguished between "petty criminals (such as shoplifters and those convicted of simple drug possession) who posed little or no risk to the public and did not deserve life sentences" and "[a] felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use," who "simply does not pose little or no risk to the public." (*Id.* at p. 1038.) Based on "the clear evidence of voters' intent," the court in *Osuna* rejected the claim that conviction for possession of a firearm cannot constitute being "armed" with a firearm for purposes of ineligibility for resentencing under section 1170.126. (*Ibid.*)

We find the court's reasoning in *Osuna* to be persuasive and we apply it here. Defendant was armed with a firearm during the commission of his current offense and is therefore ineligible for resentencing under section 1170.126.

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                              CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST